18-3164-LOUIS

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED BY __mdc__
Jul 30, 2018
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Miami, Florida

UNITED STATES OF AMERICA

v.

EIDER BONILLA-MORAN
  a/k/a "Guapi"
AURELIANO CUERO-CUERO
  a/k/a "Chavo"
MARCIAL CUERO-CUERO

CASE NO. 8:16 cr 389 T 23 TGW

46 U.S.C. § 70506(a), (b)
46 U.S.C. § 70503(a)
21 U.S.C. § 963
46 U.S.C. § 70507 (Forfeiture)
21 U.S.C. § 853 (Forfeiture)
21 U.S.C. § 970 (Forfeiture)
28 U.S.C. § 2461 (Forfeiture)

SEALED

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

Beginning on an unknown date and continuing until on or about the date of this indictment, the defendant,

EIDER BONILLA-MORAN, a/k/a "Guapi,"
AURELIANO CUERO-CUERO, a/k/a "Chavo," and
MARCIAL CUERO-CUERO,

each of whom will be first brought into the United States at a point in the Middle District of Florida, did knowingly and willfully combine, conspire and agree with each other and with other persons, both known and unknown to the Grand Jury, including persons who were on board a vessel subject to the jurisdiction of the United States and who first entered the United States at a place in the Middle District of Florida, to distribute and possess with intent to distribute five (5)



kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 46, United States Code, Section 70503(a)(1).

All in violation of Title 46, United States Code, Section 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

## COUNT TWO

Beginning on an unknown date and continuing until on or about the date of this indictment, the defendant,

> EIDER BONILLA-MORAN, a/k/a "Guapi,"
> AURELIANO CUERO-CUERO, a/k/a "Chavo," and
> MARCIAL CUERO-CUERO,

who will be first brought into the United States at a point in the Middle District of Florida, did knowingly and willfully combine, conspire, and agree with each other and with others, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, knowing and intending that such substance would be unlawfully imported into the United States, contrary to the provisions of Title 21, United States Code, Section 959.

All in violation of Title 21, United States Code, Sections 963 and 960(b)(1)(B)(ii); and Title 18, United States Code, Section 3238.

## **FORFEITURE**

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 46, United States Code, Section 70507; Title 21, United States Code, Sections 853, 881(a), and 970; and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the violations alleged in Count One of the Indictment, the defendants shall forfeit to the United States, pursuant to Title 46, United States Code, Section 70507; Title 21, United States Code, Section 881(a); and Title 28, United States Code, Section 2461(c), all property subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(1) through (11) that was used or intended for use to commit, or facilitate the commission of, such offenses.

3. Upon conviction of the violations alleged in Count Two of the Indictment, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third person;

  (c) has been placed beyond the jurisdiction of the Court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), directly and as incorporated by Title 28, United States Code, Section 2461(c).

          A TRUE BILL,

          _____

          Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
   Daniel M. Baeza
   Assistant United States Attorney

By: _____
   Joseph K. Ruddy
   Assistant United States Attorney
   Chief, Narcotics Section

*T:\_Cases\Criminal Cases\B\Bonilla-Moran, Eider_2016R01509_DMB\p_Indictment.docx*

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

EIDER BONILLA-MORAN, a/k/a "Guapi,"
AURELIANO CUERO-CUERO, a/k/a "Chavo," and
MARCIAL CUERO-CUERO

## INDICTMENT

Violations:

Title 46, United States Code, Section 70506(a), (b)
Title 21, United States Code, Section 963

A true bill,

_____
Foreperson

Filed in open court this 30th day

of August 2016.

_____
Clerk

Bail $ _____